Hughes, Circuit Judge, concurring.
I agree with the panel opinion's conclusion that Kalle's casings are not "completely embedded in plastics" under HTSUS Chapter 59 Note 2(a)(3) but write separately because I reach that conclusion through different reasoning. I would find that the phrase "completely embedded in plastics" requires every surface of a fabric's fibers to be surrounded by plastic. Thus, because the inner surface of Kalle's casings is free of plastic, I agree with the panel opinion that they are not "completely embedded in plastics."
I agree that the common definition of "embedded" is "set or fix[ed] firmly in a surrounding mass," Maj. Op. at 995, and the common definition of "completely" is "full[y], whole[y], entire[ly]," id. at 995-96. And by including the adverb "completely" in Note 2(a)(3), I presume that Congress intended to distinguish between fabrics that are "embedded" in plastics and those that are "completely embedded." See Reiter , 442 U.S. at 339, 99 S.Ct. 2326 ("In construing a statute [courts] are obliged to give effect, if possible, to every word Congress used."). Accordingly, to give full effect to the inclusion of "completely," I would find that "completely embedded" requires that every fiber of the fabric is entirely fixed in a surrounding mass of plastic, meaning that every surface of the fiber must be surrounded by plastic.
Here, although Kalle's casings may be "embedded" in plastic because the plastic coating is fixed to the fabric and fills the fabric's interstices, the casings are not "completely embedded" because their inner surfaces are free of plastic. Therefore, I agree with the panel opinion's affirmance of the Trade Court's decision to classify the casings under HTSUS subheading 6307.90.98.